SHARP *v.* FICKLE and Another.

PRINCIPAL AND SURETY.—*Pleading.*—In a suit on a promissory note by A., the payee, against B. and C., the makers, each of the defendants answered that ho executed the note as surety of the other.

*Held,* where the parties went to trial as if they regarded the issue made, that such answers·formed a sufficient issue between the makers, neither of whom could claim on appeal that his suretyship was confessed by the other.

SAME.—*Evidence.*—B. testified that he executed the note, intending thereby to be bound only as the surety of C., but A. and C. testified that they did not so understand it, and the previous negotiations tended strongly to show that they could not well have so supposed, and that if such was B.'s intention it was not made known.

*Held,* that this court could not, upon such evidence, interfere with a judgment against B. as a principal.

APPEAL from the Clinton Common Pleas.

FRAZER, J.—Fickle sued the appellant Sharp and the appellee Hazlett upon two promissory notes executed by them. Each of the defendants, by proper pleadings, claimed to be the surety of the other, and prayed that execution be first levied upon the property of the other. Sharp pleaded in bar that he was surety, as already stated; that he had ·served written notice on the plaintiff to sue, which was not done within a reasonable time, showing a good defense under the statute. A jury was waived, and the court found that both defendants were principals, assessed the damages, and over a motion by the appellant for a new trial, rendered judgment upon the verdict.

We are required to consider whether we shall reverse the judgment upon the ground that the evidence does not sustain the finding that the appellant executed the notes as a principal. He testifies that he executed the notes, intending thereby to be bound only as Hazlett's surety. Hazlett and Fickle both testify that they did not so understand it. The previous negotiations tend strongly to show that they could not well have so supposed, and if Sharp's intention was to be bound only as surety,

that intention was not made known. In such a state of the evidence, this court cannot interfere.

It is suggested that the appellant's allegation of surety-ship was confessed by Hazlett, inasmuch as he did not deny it. But this is too refined; and besides, it comes too late. Hazlett's averment that he was Sharp's surety was a good denial, argumentatively, that Sharp was his surety, and *vice versa*. The parties went into their evidence in the court below as if they regarded the issue made, as it was, though awkwardly, and it will not do now for either of them to question the sufficiency of the issue, and claim that his case was confessed by failing to deny it.

The judgment is affirmed, with costs.

*J. N. & C. Sims*, for appellant.

*R. P. Davidson*, for appellees.